## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.  8:06-CV-1844-T-17EAJ

MADDA DOUBERLEY,                                 **DISPOSITIVE MOTION**

      Plaintiff,

v.

BURGER KING CORPORATION,
BURGER KING STORE AT 101
Bullard Parkway, Temple Terrace, Florida,
JERMAINE SMITH, a/k/a
Jermaine Romero Smith,
ABC CORPORATION,
XYZ CORPORATION,
and JOHN DOES 1 through 5,

      Defendants.
_____/

**DEFENDANT BKC'S MOTION TO DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, **BURGER KING CORPORATION** ("BKC"), pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), moves the Court to enter an Order (i) dismissing the Complaint because Plaintiff **MADDA DOUBERLEY** ("Plaintiff") has failed to state a claim upon which relief can be granted, and (ii) requiring a more definite statement as to the relief requested.

**SUMMARY OF ARGUMENT**

BKC employed Plaintiff for approximately two months.  Plaintiff alleges that, during that period, Defendant Jermaine Smith, a co-worker, inappropriately touched her and sexually harassed her at the restaurant where they worked.

Plaintiff has filed a Seven-Count Complaint against BKC, Smith, and eight other fictitious entities. Most Counts fail to identify whom the relief is specifically sought against, as well as fail to state the legal theory under which the claim is brought.

The Court should dismiss **Count I** (Title VII of the Civil Rights Act, 42 U.S.C. § 2000e) because it commingles three (3) causes of action and violates the one-claim-per-count requirement under Fed. R. Civ. P. 10(b). Moreover, Count I does not identify the specific defendants whom the Count is plead against and improperly seeks recovery against individual managers/supervisors under Title VII.

The Court should dismiss **Count II** (Battery) because Plaintiff fails to plead any allegations showing that BKC's managers touched or intended to touch her within the scope of their employment.

The Court should dismiss **Count III** (Battery) because it is identical to Count II. Counts II and III are based upon the same allegations and legal theory. In addition, Plaintiff has not plead any allegations showing that BKC's managers touched or intended to touch her within the scope of their employment.

The Court should dismiss **Count IV,** of which BKC cannot discern the legal theories raised. If Count IV is a sexual harassment "tort" claim, Florida does not recognize a "tort" of sexual harassment. If Count IV is a claim under the Florida Whistleblowers Act (the "FWA"), § 448.102, Fla. Stat., Plaintiff has not stated a claim upon which relief can be granted.

The Court should dismiss **Count V**, in which Plaintiff claims that BKC had a duty to (i) provide a safe work environment, (ii) supervise, and (iii) investigate the sexual harassment claim. Florida's physical impact rule requires that a negligent supervision

claim, as well as any other employment-related negligent tort, be based on a physical injury. Since Plaintiff has not plead or established any physical injury, the Court should dismiss Count V. Moreover, Plaintiff's stated duties to prevent sexual harassment are a disguised claim for negligence under a tort of sexual harassment, which does not exist under Florida law.

The Court should dismiss **Count VII,** of which BKC cannot discern the legal theories raised. Plaintiff has failed to plead any facts to state a claim upon which relief can be granted. Moreover, if Count VII alleges negligent infliction of emotional distress that is outside of the scope of Defendant Smith's employment, Plaintiff has not plead any physical injury as required by Florida's physical impact rule. If Count VII alleges negligent infliction of emotional distress that is within the scope of Defendant Smith's employment, the claim should be dismissed pursuant to Florida's Workers' Compensation Law.

The Court should dismiss **all Counts** because Plaintiff has not complied with the requirements of Fed. R. Civ. P. 10(b). Plaintiff incorporates every Count into subsequent claims.

The Court should dismiss all fictitious entities identified by Plaintiff. The legal entity "Burger King Store at 101 Bullard Parkway" does not exist. It is simply the address of the restaurant where Plaintiff worked while she was employed by BKC. Moreover, Plaintiff has not identified what other corporations can possibly be involved in an employment claim where BKC was the employer. Finally, Plaintiff's so-called amendment and subsequent substitution of "John Does," "ABC Corporation," and "XYZ

Corporation" with specifically-named defendants constitute a change in the parties sued and are improper.

Finally, the Court should order Plaintiff to provide a more definite statement as to the relief requested in each Count pursuant to Fed. R. Civ. P. 8(a)(3). Plaintiff simply incorporates all Counts (I-VII) and commingles the relief requested in every Count.

## **ARGUMENT**

### **I.     COUNT I SHOULD BE DISMISSED BECAUSE IT COMMINGLES SEVERAL CAUSES OF ACTION.**

Count I commingles three causes of action for (i) sex discrimination, (ii) sexual harassment, and (iii) constructive discharge. Plaintiff has violated the one-claim-per-count requirement under Fed. R. Civ. P. 10(b). Rule 10(b) states in relevant part:

> Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b). To comply with Rule 10(b), each count of the Complaint must state a separate cause of action and must state with specificity the facts and legal basis for the cause of action.

In Anderson v. District Board of Trustees of Central Florida Cmty. College, 77 F.3d 364, 366-67 (11th Cir. 1996), the Eleventh Circuit was concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings where plaintiffs allege several causes of action in one count, and stated:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.
> . . . .
> Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a

- 4 -

separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses."

Id. (citing Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984); see also Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996). Accordingly, the Court should dismiss Count I.

## II. COUNT I SHOULD BE DISMISSED BECAUSE TITLE VII DOES NOT CREATE INDIVIDUAL LIABILITY.

Plaintiff does not identify the specific defendants that Count I is filed against. In Paragraph 22, Count I appears to seek recovery under Title VII against individual Defendant Smith and the undisclosed individuals "John Does 1-5" by categorizing them as Title VIII "employers." See Compl., ¶ 22. However, the Eleventh Circuit has held that Title VII does not permit recovery against individuals:

> Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.

Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (emphasis in original); Cross v. State of Alabama, 49 F.3d 1490, 1504 (11th Cir. 1995) (holding that individual employee could not be "employer" under Title VII).

Accordingly, the Court should dismiss Count I because it does not identify the specific defendants and seeks recovery against individuals under Title VII.

### III. COUNT II SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLEAD A BATTERY OR ASSAULT CLAIM AGAINST BKC.

In Count II, Plaintiff alleges that Defendant Smith touched her (Compl., ¶ 31), that she suffered an injury as a result of Defendant Smith's conduct (Id., ¶ 32), and that she sustained damages as a result of Defendant Smith's conduct (Id., ¶ 33). These allegations are made against Defendant Smith in his individual capacity, not against BKC.

Count II fails to plead any facts showing that BKC should be vicariously liable for the touching incident by a non-managerial employee. See Pucci v. USAir, 940 F. Supp. 305, 309 (M.D. Fla. 1996) (where Judge Kovachevich dismissed the Complaint since plaintiffs did not allege sufficient facts that could support the battery claim). Count II does not allege that Defendant Smith's actions were undertaken in the scope of his employment or requested by BKC. Id. Plaintiff has not alleged that (1) BKC intended to cause or caused a harmful or offensive contact with her, or an imminent apprehension of such a contact, and (2) an offensive contact with Plaintiff resulted from BKC's actions. See City of Miami v. Sanders, 672 So. 2d 46, 47 (Fla. 3d DCA 1996).

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must provide the defendant with fair notice as to what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992 (2002). Because Plaintiff has not alleged any facts against BKC, the Court should dismiss Count II.

## IV. COUNT III SHOULD BE DISMISSED BECAUSE IT IS IDENTICAL TO COUNT II.

Count III is a battery claim in which Plaintiff seeks damages for Defendant Smith's alleged touching.  Compl., ¶¶ 37, 38.  Count II is also a battery claim in which Plaintiff seeks damages for Defendant Smith's alleged touching.  Id., ¶¶ 31-33.

The Court should dismiss Count III because it is identical to Count II.  Both Counts are based upon the same allegations and legal theory.  In addition, and as explained in Section III, supra, the Court should dismiss Count III because Plaintiff has not plead any allegations showing that BKC touched or intended to touch Plaintiff.

## V. COUNT IV SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLEAD A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

BKC is unable to determine what claim Plaintiff alleges in Count IV.  Count IV states that, "Defendants' decision to subject Plaintiff to further sexual harassment and physical battery, due to Defendants' inaction, … constituted a retaliatory personnel action in violation of Florida Statute 448.103."  Compl., ¶ 40.  Plaintiff also alleges that "Defendants failed to investigate the Plaintiff's complaints, or to do so thoroughly or competently, and they further failed to take remedial action, or such appropriate remedial action as would have prevented further misconduct."  Id., ¶ 42.

Count IV appears to state a claim for the tort of sexual harassment.  However, Florida does not recognize a tort of sexual harassment and, accordingly, such claim should be dismissed.  City of Miami Beach v. Guerra, 746 So. 2d 1159 (Fla. 3d DCA 1999).

However, Count IV references § 448.103, Fla. Stat., which is the statute that details the remedies and defenses under the FWA. If Plaintiff is pleading an FWA claim, the Court should dismiss Count IV for four reasons.

***First,*** § 448.102(1), Fla. Stat., does not apply since Plaintiff has not alleged, and did not, "in writing, [bring] the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice." § 448.102(1), Fla. Stat.

***Second,*** § 448.102(2), Fla. Stat., does not apply because the Plaintiff has not alleged, and cannot show, that, at the time she allegedly complained of sexual harassment, any agency was "conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer," related to her claim. § 448.102(2), Fla. Stat.,

***Third,*** § 448.102(3), Fla. Stat., does not apply since Plaintiff has not plead an actual "violation of a law, rule, or regulation," separate and distinct from her Title VII claim. See <u>Gusler v. Pro Direct Response Corp.</u>, Case No. 97-CV-2766, 1998 WL 1803344 (M.D. Fla. March 26, 1998) (dismissing with prejudice FWA count where plaintiff also plead Title VII); <u>but see</u> <u>Rivera v. Torfino Enterprises, Inc.</u>, 914 So. 2d 1087 (Fla. 4th DCA 2005) (permitting FWA claim in one-count complaint where plaintiff did not plead or seek relief for sexual harassment). In fact, this Court recently found that a violation of the employer's sexual harassment policies does not create an FWA claim. <u>Lawson v. Dollar General Corp.</u>, Case No. No. 8:04-cv-2366-T-17TBM, 2006 WL 1980277 (M.D. Fla. July 12, 2006) ("Plaintiff has not claimed any violation by [manager] ***other than a violation of [the employer's] policies against sexual harassment,***

*which do not constitute the definition under the FWA of a law, rule, or regulation*."). (emphasis added)

**Fourth**, Plaintiff does not identify who the specific defendants are in Count IV. Plaintiff simply states "Defendants." However, if Plaintiff is pleading an FWA claim, individuals do not fall within the statutory definition of "employer" under the FWA, and, thus, cannot be held individually liable. Tracey-Meddoff v. J. Altman Hair & Beauty Centre, Inc., 899 So. 2d 1167 (Fla. 4th DCA 2005).

For the above reasons, the Court should dismiss Count IV because Plaintiff cannot establish a claim under either the tort of sexual harassment or the FWA.

## VI. COUNT V SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLEAD A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In Count V, Plaintiff appears to claim that BKC had a duty to "provide a safe work condition," (Compl., ¶ 46), supervise (id., ¶ 47), and investigate (id., ¶¶ 51, 52). The Court should dismiss Count V for two reasons.

**First,** Florida's physical impact rule requires that a negligent supervision claim, as well as any other employment-related negligent tort, be based on a ***physical injury.*** See Rowell v. Holt, 850 So. 2d 474 (Fla. 2003). The Florida Supreme Court explained Florida's physical impact rule as follows:

> The [Florida physical impact] rule requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries sustained in an impact." The impact rule has been traditionally applied primarily as a limitation to assure a tangible validity of claims for emotional or psychological harm. Florida jurisprudence has generally reasoned that such assurance is necessary because, unlike physical injury, emotional harm may not readily align with traditional tort law damage principles. Our courts have explained that the existence of emotional harm is difficult to prove, resultant damages are not easily quantified, and the precise cause

of such injury can be elusive. This Court has also theorized that without the impact rule, Florida courts may be inundated with litigation based solely on psychological injury.

Id. at 477-478 (citations omitted). The Supreme Court stated that, "We reaffirm the role the impact rule plays as a safeguard against unduly speculative claims." Id. at 481.

Negligence claims must meet the requirements of Florida's physical impact rule. Id.; Rivers v. Grimsley Oil Co., Inc., 842 So. 2d 975, 976 (Fla. 2d DCA 2003) ("The impact doctrine usually requires that a plaintiff sustain some sort of physical impact in conjunction with the defendant's negligence in order to maintain a claim.").

In Scelta v. Delicatessen Support Svcs., 57 F. Supp. 2d 1327 (M.D. Fla. 1999), this Court dismissed the plaintiff's employment-related negligent tort claims pursuant to Florida's physical impact rule:

> Under Florida law, negligent retention is a valid cause action if "during the course of employment, the employer becomes aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." While negligent retention may be shown where the employer fails to act as required by law, in order to recover damages for emotional distress caused by the negligence of another, a plaintiff must comply with Florida's "impact rule." Under Florida's "impact rule," the emotional distress complained of must flow from a physical injury sustained by physical impact.
> ****
> Counts V [Negligent Supervision and Retention of Defendant Egan] and VI [Negligent Supervision and Retention of Defendant Martin] focus only on Delicatessen's and Boar's Head's duty to maintain a workplace free of sexual harassment. As Florida's "impact rule" requires a plaintiff to base his or her claim on a physical impact, Plaintiff's claim, as asserted within the four corners of Plaintiff's Complaint, should be dismissed.

Id. (citations omitted). See also Weld v. Southeastern Co., Inc., 10 F. Supp. 2d 1318, 1323 (M.D. Fla. 1998) (applying Florida law and dismissing plaintiff's negligent supervision claim because plaintiff failed to satisfy Florida's physical impact rule in her complaint); Caro v. Miami-Dade County, 105 F. Supp. 2d 1326 (S.D. Fla. 2000) (same).

In <u>Goodstein v. Gunther Motor Corp.</u>, 1996 WL 903950 (S.D. Fla. Sep. 12, 1996), the court granted summary judgment and found, *inter alia,* that the plaintiff's Negligent Training, Retention, and Supervision claim failed because the plaintiff did not suffer any physical injury, even though there had been physical touching:

> Alternatively, ... Goodstein still would not be able to survive summary judgment because Goodstein, to support a claim of negligent training, retention, and supervision, also must show that she suffered a physical impact and physical injury. . . .  The only physical impact alleged by Goodstein in her Amended Complaint is that Gunther salesmen rubbed her shoulders and that Hodo touched her breast for less than one second. (See Goodstein Complaint. . . .  In light of this fact, Goodstein's claim against Gunther for negligent training, retention, and supervision fails to satisfy Florida's impact rule and, therefore, cannot survive Gunther's Motion for Summary Judgment.

<u>Id.</u> at *14.  <u>See also Resley v. The Ritz-Carlton Hotel Co.</u>, 989 F. Supp 1442 (M.D. Fla. 1997) (finding that Negligent Retention claim failed because the plaintiff did not suffer any physical injury, even though there had been physical touching); <u>Weld v. Southeastern Co., Inc.</u>, 10 F. Supp. 2d 1318, 1323  (M.D. Fla. 1998).

In this case, Plaintiff has not plead any physical injury.  Plaintiff alleges that she was inappropriately touched by Defendant Smith.  Accordingly, the Court should dismiss Count V pursuant to Florida's physical impact rule.

***Second,*** Plaintiff's duties to provide a safe work environment, supervise, and investigate so as to prevent sexual harassment are a disguised claim for negligence under a tort of sexual harassment.  As previously stated, the tort of sexual harassment does not exist under Florida law.

In <u>City of Miami Beach v. Guerra,</u> 746 So. 2d 1159 (Fla. 3d DCA 1999), the plaintiff alleged that she had informed her supervisor of the sexual harassment, and that her employer had a duty to ensure a safe work place and to protect her from a "hostile

work environment."  The jury found for the plaintiff, but the Third District Court of Appeals reversed stating that Florida does not recognize a cause of action for sexual harassment under a common law negligence theory.

Similarly, in <u>Yeary v. State of Florida, Department of Corrections</u>, Case No. 95-583-CIV-J-16, 1995 WL 788066 (M.D. Fla. Oct. 10, 1995), the plaintiff sued her employer alleging, *inter alia*, violations of Title VII and "Negligence."  This Court disagreed with the plaintiff and dismissed the plaintiff's "Negligence" claim.  <u>Id.</u> at *1.  <u>See also</u>  <u>Scelta v. Delicatessen Support Svcs</u>., 57 F. Supp. 2d at 1328 (no claim for negligent retention exists for employer's failure to protect its employees from a hostile work environment); <u>Vernon v. Medical Management Associates of Margate, Inc.</u>, 912 F. Supp. 1549, 1564 (S.D. Fla. 1996) ("As a threshold matter, we note that Florida law does not recognize a common law cause of action for negligent failure to maintain a workplace free of sexual harassment.").  Accordingly, the Court should dismiss Count V.

**VII.   COUNT VII SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

BKC is unclear as to what viable legal theory Plaintiff alleges in Count VII.  Count VII states that BKC engaged in "conduct which was grossly negligent, extreme, and outrageous."  Compl., ¶ 57.  Plaintiff does not plead any further facts.  The Court should dismiss Count VII for three reasons.

***First,*** Plaintiff has failed to plead any facts.  Count VII does not give BKC any fair notice of Plaintiff's claims or the allegations upon which these rest.  Count VII contains absolutely no allegations, inferential or otherwise.  It is necessary that a complaint "contain either direct or inferential allegations respecting all the material elements

necessary to sustain a recovery under some viable legal theory." In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. Unit A, Sept. 8, 1981); see also St. Joseph's Hosp., Inc. v. Hospital Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986) ("[T]he pleading must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."); Quality Foods de Centro America, S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F.2d 989, 995 (11th Cir. 1983) (stating, "enough data must be pleaded so that each element of the alleged ... violation can be properly identified").  Thus, at a minimum, notice pleading requires that Count VII contain inferential allegations from which the opposing party and the Court can identify each of the material elements necessary to sustain a recovery under some viable legal theory. In re Plywood, 655 F.2d at 641.

While Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing her Complaint, the Eleventh Circuit, along with others, has tightened the application of Rule 8 with respect to civil rights cases in an effort to weed out non-meritorious claims, requiring that a civil rights plaintiff allege with some specificity the facts which make out his/her claim. See GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998).  Some factual detail in the pleadings is necessary to the adjudication of civil rights claims. Id.

***Second,*** if Count VII alleges negligent infliction of emotional distress that is outside of the scope of Defendant Smith's employment, Plaintiff has not plead any physical injury as required by Florida's physical impact rule. Reiser v. Wachovia Corp., 935 So. 2d 1236, 1236 (Fla. 5th DCA 2006) (holding that "Florida does not recognize a

cause of action for negligent infliction of emotional distress, at least in the absence of a physical impact or injury"); see Section VI, supra.

**Third,** if Count VII alleges negligent infliction of emotional distress that is within the scope of Defendant Smith's employment, the claim should be dismissed pursuant to Florida's Workers' Compensation Law.  Section 440.11 of Florida's Workers' Compensation Law provides that an employer having workers' compensation coverage is immune from liability and negligent conduct in any negligence action brought by its employee.  § 440.11(1), Fla. Stat.; Clark v. Better Const. Co., Inc., 420 So. 2d 929, 930 (Fla. 3d DCA 1982).  Workers' compensation is the exclusive remedy available to an employee injured in the course of employment due to the employer's or co-employees' negligence.  § 440.11(1), Fla. Stat. ("The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter.").

Accordingly, the Court should dismiss Count VII because Plaintiff has failed to plead any facts to state a claim upon which relief can be granted.

**VIII. PLAINTIFF IMPROPERLY INCORPORATES PRIOR CLAIMS INTO EACH COUNT.**

Incorporating a claim into subsequent claims violates Fed. R. Civ. P. 10(b).  See Anderson, 77 F.3d at 366; Cesnik, 88 F.3d at 905; Ferdinand v. Caribbean Air Mail, Inc., 15 Fla. L. Weekly Fed. D452, 452, 2002 WL 1907158 (S.D. Fla. May 24, 2004) ("The Eleventh Circuit has interpreted Rule 10(b) of the Federal Rules of Civil Procedure as

not allowing the incorporation of all the factual allegations of all prior counts into each subsequent count.")

In the instant case, Plaintiff incorporates Count I (Paragraphs 9-26) into Counts II-VII; Count II (Paragraphs 27-33) into Counts III-VII; Count III (Paragraphs 34-38) into Counts IV-VII; Count IV (Paragraphs 39-43) into Counts V-VII; Count V (Paragraphs 44-53) into Counts VI-VII; and Count VI (Paragraphs 54-55) into Count VII.  The Court should dismiss the Complaint because Plaintiff has not complied with the requirements of Fed. R. Civ. P. 10(b).  See Francois v. Caribbean Airmail, Inc., 15 Fla. L. Weekly Fed. D460, 2002 WL 31465742 (S.D. Fla. June 18, 2002).  Neither the Court nor Defendant should be required to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 n. 9 (11th Cir. 2002).

## IX. THE COURT SHOULD DISMISS THE FICTITIOUS ENTITIES AND CORPORATIONS REFERENCED IN THE COMPLAINT.

Plaintiff identifies "Burger King Store at 101 Bullard Parkway," "ABC Corporation," "XYZ Corporation," and "JOHN DOES 1 Through 5" as defendants in this lawsuit.  Plaintiff claims that she is unable to identify these entities, but lists them so as to subsequently substitute them and "relate-back" all amendments to the original filing date.

***First,*** the Court should dismiss "Burger King Store at 101 Bullard Parkway" because this entity does not exist.  It is simply the address of the restaurant where Plaintiff worked while she was employed by BKC.

***Second,*** Plaintiff has not identified with sufficient specificity what other corporations can possibly be involved in an employment claim where BKC was the employer. Plaintiff has not alleged any acts committed by anyone, other than Defendant Smith.

***Third,*** Plaintiff's so-called amendment and substitution of "John Does," "ABC Corporation," "XYZ Corporation" with specifically-named defendants would constitute a change in the parties sued and is improper. Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468 (2d Cir. 1995) ("We have stated that it is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."), modified, 74 F.3d 1366 (2d Cir. 1996); Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) ("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties."). Should Plaintiff seek to add parties, she can do so through the provisions of Fed. R. Civ. P. 15.

**X.    THE COURT SHOULD ORDER A MORE DEFINITE STATEMENT AS TO THE CLAIMS FOR RELIEF SOUGHT BY PLAINTIFF.**

In Paragraph 59, Plaintiff incorporates all Counts (I-VII) and commingles all the relief requested in every Count. However, Plaintiff does not specify or distinguish the relief as to each Count. For example, through Paragraph 59, Plaintiff seeks attorneys' fees in her tort claims and cites to 42 U.S.C. § 2000e-5(k). However, such tort recovery is improper since 42 U.S.C. § 2000e-5(k) exclusively applies to the Title VII claim (Count I).

Fed. R. Civ. P. 8(a)(3) requires that a pleading contain a "demand for judgment for the relief the pleader seeks." Accordingly, BKC requests that the Court order Plaintiff to provide a more definite statement as to the relief she is requesting in each Count.

## **CONCLUSION**

BKC respectfully requests that this Court enter an Order dismissing the Complaint, ) requiring a more definite statement as to the relief requested, and granting such other relief as the Court deems proper and necessary.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant BKC
1500 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
(305) 347-7337 (telephone)
(305) 347-7837 (facsimile)
scesarano@shutts-law.com
rgl@shutts-law.com


By: */s/ Rene J. Gonzalez-LLorens*
    Sheila M. Cesarano
    Florida Bar No. 708364
    Rene Gonzalez-LLorens
    Florida Bar No. 0053790

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of December, 2006, I electronically filed Defendant BKC's Motion to Dismiss Complaint and More Definite Statement with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following, who was also provided with a copy by U.S. Mail:

Mark S. Guralnick, Esq.
Tampa Bay Parks
Lake Point II, Suite 100
3111 West Drive Martin Luther King Jr. Blvd.
Tampa, FL 33607
Tel:    (813) 872-9000
Fax:    1-800-613-2585
E-Mail: msglegal@comcast.net


*/s/  Rene J. Gonzalez-LLorens*
OF COUNSEL


MIADOCS 1601821 1