**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MADDA DOUBERLEY,

    Plaintiff,

v.                                                    CASE NO. 8:06-cv-1844-T-17 EAJ

BURGER KING CORPORATION, et al.,

    Defendants.

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

This cause is before the Court on the Defendant's Motion to Dismiss and For More Definite Statement (Docket No. 4), filed on December 5, 2006; Plaintiff's Motion for Leave to File Amended Complaint and the Supporting Memorandum of Law, (Dockets No. 11 and 11-3), filed on February 5, 2007; and the Defendant's Response To Plaintiff's Motion for Leave to File Amended Complaint with Incorporated Memorandum of Law, (Docket No. 13), filed on February 12, 2007.

**BACKGROUND**

PROCEDURAL

Plaintiff filed an original seven-count Complaint, on October 10, 2006, against Burger King Corporation, Smith (co-worker), and eight other fictitious entities. All administrative remedies were exhausted prior to the filing of this Complaint, and the Complaint was timely filed thereafter. On December 5, 2006, Burger King Corporation filed a Motion to Dismiss for More Definite Statement and for Failure to State a Claim. On January 16, 2007, Plaintiff requested extension of time to respond to Defendant's motion. The Court granted the

1

extension with the response due by January 26, 2007. According to Plaintiff's Counsel the Order granting extension was misplaced and, therefore, the Response was not timely filed. On February 5, 2007, Plaintiff filed an Answer to Defendant's Motion to Dismiss and a Cross-Motion for Leave to File Amended Complaint. A Proposed Amended Complaint was included with that motion. Defendant then filed a Response to the Motion for Leave to Amend on February 12, 2007.

## FACTUAL

Plaintiff Douberley was employed by Defendant Burger King Corporation as a cook at the Temple Terrace location.[1] During the months of February and March of 2006, Plaintiff was allegedly sexually harassed by co-worker Smith. Plaintiff alleges that she was exposed to numerous incidents of Defendant Smith's unsolicited sexually explicit comments, invitations for various sexual activities, unwanted touching and fondling of Plaintiff's breasts and buttocks, and other sexually charged inappropriate behavior, all despite Plaintiff's objection to these activities. Plaintiff claims to have repeatedly complained to her managers, but no corrective measures were ever taken. In October of 2006, Plaintiff reported these activities to the police. Another employee then allegedly held a knife to Plaintiff's throat and threatened to harm her for making complaints to management and the police. The Defendant's manager then transferred Plaintiff to another restaurant and purportedly threatened her with discharge and/or other sanctions.

---

[1] 101 Bullard Parkway, Temple Terrace, Florida.

## DISCUSSION

### A.  Review of Standard for Allowing Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that "leave [for amending pleadings] shall be freely given when justice so requires". This low threshold is designed to, among other things, allow plaintiffs to test their claims on the merits of their case and not on mere technicalities. *Foman v. Davis,* 371 U.S. 178, 181-182 (1962).   The process of pleading is not a game of skill in which one mistake by counsel determines the outcome of the case.  *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Foman,* 371 U.S. at 181-182.  In fact, the spirit of the Federal Rules supports the principle that pleadings should facilitate proper decision making on the merits. *Id.* Moreover, just because a particular claim is difficult to prove does not warrant a denial of leave to amend. See *Outboard Marine Corp. v. Pezetel*, 535 F. Supp. 248, 252 (D.C.Del. 1982.)

The grant or denial of an opportunity to amend is in the hands of the district court. Fed. R. Civ. P. 15(a), *Foman,* 371 U.S. at 182.  But refusal to grant leave to amend without any justification is an abuse of that discretion. *Id.*  When it appears that a more carefully drafted complaint might state a claim upon which relief can be granted, the District court should allow leave to amend the complaint instead of dismissing it. *Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir. 1985).  A request for leave may be denied if there is any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment", and other similar reasons. *Foman,* 371 U.S. at 182.

In the case at hand, the delay was not undue, because the Plaintiff's response was about ten (10) days late and no deadlines were encroached. There are no facts to show bad faith or dilatory motive on the part of the Plaintiff. Since this is the first request for leave to amend, the record lacks prior failure to cure deficiencies in the Complaint. The Defendant did not claim in its response any undue prejudice if this amendment is permitted.

The Defendant asserts that some Counts of Plaintiff's Proposed Amended Complaint are futile. "Futility" means the proposed amended claim cannot be valid as a matter of law, no matter how well it is drafted. *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 (11th Cir. 2000), *Burger King v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999). Just because the Defendant argues that this particular Proposed Amended Complaint is defective in some way, does not mean that better drafted amendments would be futile or defective. Therefore, the Court should not be precluded from granting leave to amend the compliant that could resolve the defects in the original complaint.

Additionally, it would be unduly harsh on the Plaintiff to refuse her the opportunity to correct mistakes of the initial Complaint because the Plaintiff's counsel did not file the response to Defendant's motion in due time. The Plaintiff must be given an opportunity to correct her original complaint, and the case should be decided on the merits. Plaintiff's allegations, if substantiated, are serious enough that Plaintiff should not be denied her day in court because of the mistakes made by her counsel. This is not to say that Counsel's tardiness is to be disregarded entirely. Cumulative lateness and other conduct might result in a different ruling at a later time. At this time, however, the Plaintiff's conduct does not warrant the denial of leave to amend. Accordingly, Plaintiff's Motion for Leave to Amend the Complaint is granted.

4

**B.  Review of the Proposed Amended Complaint**

      1.  <u>Amended Counts III, IV, and VII are Unopposed by Defendant and Presumed Proper</u>

Claim III (Constructive Discharge under Title VII), Claim IV (Tortuous Battery), and Claim VII (Complaint for Damages Based on Florida Civil Rights Act) were not objected to by Defendant Burger King Corporation in its Response to Plaintiff's Motion for Leave to File Amended Complaint.  Furthermore, no other Defendant filed a responsive motion objecting to the Proposed Amended Complaint.  Therefore, the Court concludes that Counts III, IV, and VII have met the minimum threshold to be filed as part of an Amended Complaint.

      2.  <u>Amended Count I and Count II are Not Identical</u>

The Defendant asserts that Count I and II are identical in both underlying allegations and legal theory, and, therefore, only one claim is necessary.  The court is not convinced by this argument.

Although both Counts I and II of the Proposed Amended Complaint stem from Title VII Hostile Work Environment, it seems to the Court that these counts allege two separate theories of liability: direct liability and vicarious liability respectively.  Direct and vicarious liability can be pled as alternative legal theories in separate counts under the same factual allegations. *Walton v. Johnson & Johnson Services, Inc.,* 347 F.3d 1272, 1279-1280 (11th Cir. 2003). However, these allegations must be composed of definite statements with sufficient clarity and precision for the Defendant to differentiate between the different claims in order to form a proper responsive pleading. *Anderson v. District Board of Trustees of Central Florida Community College,* 77 F.3d 364, 366 (11th Cir. 1996).   It is clear that in this case, these counts are not stated with sufficient clarity for the Defendant to discern what the Plaintiff is claiming, because the Defendant states its confusion in its Response to Plaintiff's Motion.  Therefore, if Plaintiff is

indeed claiming two separate legal theories for its claim under Hostile Environment of Title VII, these claims must clearly state which count uses which legal theory. Fed. R. Civ. P. 8(e), See generally *Walton,* 347 F.3d at 1279-1280.

      3.   Amended Count V Fails to State a Claim Upon Which Relief Can be Granted

Defendant argues that Claim V, which is based of the Florida Whistleblower Act, Fla. Stat. §448.101-105 (FWA), is futile. Defendant states that the FWA does not apply in this case because: (1) the Plaintiff did not bring her complaint to her employer or supervisor *in writing*, and (2) the Plaintiff has not pled an actual violation of law, rule, or regulation.

The FWA prohibits employer retaliation against an employee if the employee has: (1) disclosed or threatened to disclose an employer practice or policy, which is in violation of a law, rule, or regulation, (2) provided information or testimony to an appropriate governmental agency, during an investigation of employer's alleged violation of law, rule, or regulation, or (3) objected or refused to participate in an employer activity that is in violation of a law, rule, or regulation. Fla. Stat. §448.102. Only subsection (1) of FWA requires the employee to present a written complaint regarding the alleged violation of law, rule, or regulation to her supervisor or employer. This requirement does not apply to subsections (2) and (3). Plaintiff's Proposed Count V seems to be using subsection (2) of the FWA, which does not require a written complaint to the employer. Count V states the Plaintiff filed a criminal report, and then, further, cooperated with and provided information to the police department, which was conducting an investigation at the time. Furthermore, Count V states that the Defendant retaliated against the Plaintiff for providing information to the police. Assuming that Plaintiff's proposed Count V is based on subsection (2) and not subsection (1) of §448.102, the writing requirement is not necessary here.

On the other hand, all three subsections of FWA §448.102 do mandate an alleged violation of law, rule, or regulation. "Law, rule, or regulation" is defined as "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance *applicable to the employer and pertaining to the business*". Fla. Stat. §448.101(4) [emphasis added]. In the case at hand, the proposed Count V alleges that Plaintiff filed a criminal report regarding Defendant Smith with the police and then, further, cooperated with, and provided information to the law enforcement agency during the investigation of Defendant Smith's violation of law. Defendant Smith's alleged violation of law is irrelevant and inadequate in a claim based on FWA because Smith was merely and employee. Fla. Stat. §448.102. Plaintiff failed to allege any violation of law, rule, or regulation by any *Defendant-Employer*. Therefore, proposed Amended Count V fails to state a claim upon which relief can be granted.

    4.   <u>Amended Count VI Does Not State a Claim Upon Which Relief can be Granted</u>

The defendant argues that proposed Amended Count VI – Negligent Hiring, Retention, and Supervision – fails to plead sufficient facts necessary under the Florida "impact rule" to establish the required physical injury element.

At this time, the Court declines to address any of the issues addressed by the Defendant because the Court cannot understand the language of the damage elements alleged in Paragraph sixty and sixty one of the Proposed Amended Complaint, in order to determine whether or not they comply with the required elements of negligent hiring, retention, and supervision. Paragraph sixty states in part "Defendant was impermissibly and offensively attacked by Defendant Smith…." Likewise, paragraph sixty-one does not specify what of Defendant's conduct was the cause of the alleged lost wages. The Court cannot infer the meaning of the

language in the complaint.  Therefore, Proposed Count VI, as is currently stands, fails to state a claim upon which relief can be granted.

     5. Certificate of Service

The Plaintiff is hereby also instructed to review Federal Rule of Civil Procedure 5(d), which states that "all papers" after the complaint, must be accompanied by a *certificate of service*, when they are filed with the court [*emphasis added*].  The Plaintiff has failed to include a certificate of service on every document filed with this Court to date. Failure to include a proper certificate of service, which indicates who was served, as well as where, when, and how service was made, constitutes a failure to properly file the document with the court. Fed. R. Civ. P. 5(d).  Although the Court and opposing counsel have been kind enough to give Plaintiff the benefit of the doubt, Plaintiff must heed this warning to begin filing proper certifications with the court. See *Friedlander* 755 F.2d 810 at 813.

## CONCLUSION

Court recognizes that Plaintiff's Proposed Amended Complaint is not sufficiently pled to in all counts.  Nevertheless, Plaintiff should have an opportunity to correct the defects in her Complaint.   Accordingly, it is

**ORDERED** that Plaintiff's Motion for Leave to Amend (Docket No. 11) be **GRANTED**; Defendant's Motion to Dismiss and for More Definite Statement (Docket No. 4) be denied as moot; and Plaintiff **shall have** ten (10) days from the date of this Order to amend her complaint, alleging her claims in conformity with this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, on this 20th day of April, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record