**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CASE NO. 8:06-CV-1844-T-17EAJ

MADDA DOUBERLEY,

  Plaintiff,

v.

BURGER KING CORPORATION,
JERMAINE SMITH, a/k/a
Jermaine Romero Smith,
ABC CORPORATION,
XYZ CORPORATION,
and JOHN DOES 1 through 5,

  Defendants.
_____/

**DISPOSITIVE MOTION**

## DEFENDANT BKC'S MOTION TO DISMISS COUNT V OF THE SECOND AMENDED COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

Defendant, **BURGER KING CORPORATION** ("BKC"), pursuant to Fed. R. Civ. P. 12(b)(6), moves the Court to enter an Order dismissing Count V (Negligent Hiring, Retention, and Supervision) of the Second Amended Complaint with prejudice because Plaintiff **MADDA DOUBERLEY** ("Plaintiff") has failed to state a claim upon which relief can be granted.

## PROCEDURAL HISTORY

Plaintiff originally filed a Seven-Count Complaint against BKC, Jermaine Smith, and eight other fictitious entities. On December 5, 2006, BKC filed its Motion to Dismiss the Complaint. Plaintiff did not timely respond, and, on January 16, 2007, asked the Court to allow her to file a Response outside of the required time period. The Court granted the extension and permitted Plaintiff until January 26, 2007, to submit her

Response.  However, Plaintiff did not submit a timely Response by January 26th, and, on January 30, 2007, the Court entered an Order to Show Cause why this lawsuit should not be dismissed for failure to prosecute.  On February 5, 2007, Plaintiff filed a Response to the Order to Show Cause where she conceded that her Complaint should be amended, and also moved the Court to allow her to file a proposed Amended Complaint.

On April 20, 2007, the Court entered an Order granting Plaintiff's Motion for Leave to file an Amended Complaint.  However, the Court's April 20th Order stated that Plaintiff failed to state a claim upon which relief could be granted as to the Negligent Hiring, Retention, and Supervision claim.  See April 20th Order, at 7-8.  The Court required Plaintiff to provide additional information.  Id.

On May 1, 2007, Plaintiff filed her Second Amended Complaint.

**ARGUMENT**

**I. COUNT V SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLEAD A CLAIM UPON WHICH RELIEF CAN BE GRANTED**.

BKC employed Plaintiff for approximately two months.  Plaintiff alleges that, during that period, Defendant Jermaine Smith, a co-worker, inappropriately touched her and sexually harassed her at the restaurant where they worked.

In Count V of the Second Amended Complaint, Plaintiff has re-filed her Negligent Hiring, Retention, and Supervision claim.  Most of the language in Count V is identical to the previously dismissed count (see Paragraphs 46-53), but Plaintiff adds conclusory language in Paragraphs 54-57.  Count V claims that BKC had a duty to "provide a safe work condition," supervise, and investigate.

The Court should again dismiss Count V of the Second Amended Complaint for three (3) reasons.

***First,*** the April 20th Court Order states:

> At this time, the Court declines to address any of the issues addressed by the Defendant because the Court cannot understand the language of the damage elements alleged in Paragraph sixty and sixty one of the Proposed Amended Complaint, in order to determine whether or not they comply with the required elements of negligent hiring, retention, and supervision. Paragraph sixty states in part "Defendant was impermissibly and offensively attacked by Defendant Smith...." Likewise, paragraph sixty-one does not specify what of Defendant's conduct was the cause of the alleged lost wages. The Court cannot infer the meaning of the language in the complaint. Therefore, Proposed Count VI, as is currently stands, fails to state a claim upon which relief can be granted.

April 20th Order, at 7-8. Plaintiff has not complied with the Court's April 20th Order to provide more specificity and language to plead a cause of action for Negligent Hiring, Retention, and Supervision. As such, the Court should dismiss Count V for the same errors found in the initially drafted and dismissed claim.

***Second,*** Florida's physical impact rule requires that a negligent supervision claim, as well as any other employment-related negligent tort, be based on a ***physical injury.*** See Rowell v. Holt, 850 So. 2d 474 (Fla. 2003). The Florida Supreme Court explained Florida's physical impact rule as follows:

> The [Florida physical impact] rule requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries sustained in an impact." The impact rule has been traditionally applied primarily as a limitation to assure a tangible validity of claims for emotional or psychological harm. Florida jurisprudence has generally reasoned that such assurance is necessary because, unlike physical injury, emotional harm may not readily align with traditional tort law damage principles. Our courts have explained that the existence of emotional harm is difficult to prove, resultant damages are not easily quantified, and the precise cause of such injury can be elusive. This Court has also theorized that without the impact rule, Florida courts may be inundated with litigation based solely on psychological injury.

Id. at 477-478 (citations omitted). The Supreme Court stated that, "We reaffirm the role the impact rule plays as a safeguard against unduly speculative claims." Id. at 481.

Negligence claims must meet the requirements of Florida's physical impact rule. Id.; Rivers v. Grimsley Oil Co., Inc., 842 So. 2d 975, 976 (Fla. 2d DCA 2003) ("The impact doctrine usually requires that a plaintiff sustain some sort of physical impact in conjunction with the defendant's negligence in order to maintain a claim.").

In Scelta v. Delicatessen Support Svcs., 57 F. Supp. 2d 1327 (M.D. Fla. 1999), this Court dismissed the plaintiff's employment-related negligent tort claims pursuant to Florida's physical impact rule:

> Under Florida law, negligent retention is a valid cause action if "during the course of employment, the employer becomes aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." While negligent retention may be shown where the employer fails to act as required by law, in order to recover damages for emotional distress caused by the negligence of another, a plaintiff must comply with Florida's "impact rule." Under Florida's "impact rule," the emotional distress complained of must flow from a physical injury sustained by physical impact.
>
> ****
>
> Counts V [Negligent Supervision and Retention of Defendant Egan] and VI [Negligent Supervision and Retention of Defendant Martin] focus only on Delicatessen's and Boar's Head's duty to maintain a workplace free of sexual harassment. As Florida's "impact rule" requires a plaintiff to base his or her claim on a physical impact, Plaintiff's claim, as asserted within the four corners of Plaintiff's Complaint, should be dismissed.

Id. (citations omitted). See also Weld v. Southeastern Co., Inc., 10 F. Supp. 2d 1318, 1323 (M.D. Fla. 1998) (applying Florida law and dismissing plaintiff's negligent supervision claim because plaintiff failed to satisfy Florida's physical impact rule in her complaint); Caro v. Miami-Dade County, 105 F. Supp. 2d 1326 (S.D. Fla. 2000) (same).

In Goodstein v. Gunther Motor Corp., 1996 WL 903950 (S.D. Fla. Sep. 12, 1996), the court granted summary judgment and found, *inter alia,* that the plaintiff's Negligent

Training, Retention, and Supervision claim failed because the plaintiff did not suffer any physical injury, even though there had been physical touching:

> Alternatively, ... Goodstein still would not be able to survive summary judgment because Goodstein, to support a claim of negligent training, retention, and supervision, also must show that she suffered a physical impact and physical injury. . . . The only physical impact alleged by Goodstein in her Amended Complaint is that Gunther salesmen rubbed her shoulders and that Hodo touched her breast for less than one second. (See Goodstein Complaint. . . . In light of this fact, Goodstein's claim against Gunther for negligent training, retention, and supervision fails to satisfy Florida's impact rule and, therefore, cannot survive Gunther's Motion for Summary Judgment.

Id. at *14. See also Resley v. The Ritz-Carlton Hotel Co., 989 F. Supp 1442 (M.D. Fla. 1997) (finding that Negligent Retention claim failed because the plaintiff did not suffer any physical injury, even though there had been physical touching); Weld v. Southeastern Co., Inc., 10 F. Supp. 2d 1318, 1323 (M.D. Fla. 1998).

In this case, Plaintiff has not plead any physical injury. BKC and the Court are left to speculate and guess as to the alleged injury. The reason for the dearth of information is obvious: no such injury exists. Accordingly, the Court should dismiss Count V pursuant to Florida's physical impact rule.

***Third,*** Plaintiff's duties to provide a safe work environment, supervise, and investigate so as to prevent sexual harassment are a disguised claim for negligence under a tort of sexual harassment. However, the "tort" of sexual harassment does not exist under Florida law. See City of Miami Beach v. Guerra, 746 So. 2d 1159 (Fla. 3d DCA 1999).

In City of Miami Beach, the plaintiff alleged that she had informed her supervisor of the sexual harassment, and that her employer had a duty to ensure a safe work place and to protect her from a "hostile work environment." The jury found for the plaintiff, but

the Third District Court of Appeals reversed stating that Florida does not recognize a cause of action for sexual harassment under a common law negligence theory.

Similarly, in Yeary v. State of Florida, Department of Corrections, Case No. 95-583-CIV-J-16, 1995 WL 788066 (M.D. Fla. Oct. 10, 1995), the plaintiff sued her employer alleging, *inter alia*, violations of Title VII and "Negligence." This Court disagreed with the plaintiff and dismissed the plaintiff's "Negligence" claim. Id. at *1. See also Scelta v. Delicatessen Support Svcs., 57 F. Supp. 2d at 1328 (no claim for negligent retention exists for employer's failure to protect its employees from a hostile work environment); Vernon v. Medical Management Associates of Margate, Inc., 912 F. Supp. 1549, 1564 (S.D. Fla. 1996) ("As a threshold matter, we note that Florida law does not recognize a common law cause of action for negligent failure to maintain a workplace free of sexual harassment.").

Accordingly, the Court should dismiss Count V because it is a disguised claim for negligence under the non-existent tort of sexual harassment.

## **CONCLUSION**

**WHEREFORE**, BKC respectfully requests that the Court enter an Order dismissing Count V of the Second Amended Complaint, and granting such other relief as the Court deems proper and necessary.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant BKC
1500 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
(305) 347-7337 (telephone)
(305) 347-7837 (facsimile)
scesarano@shutts-law.com
rgl@shutts-law.com


By: *s/ Rene J. Gonzalez-LLorens*
   Sheila M. Cesarano
   Florida Bar No. 708364
   Rene Gonzalez-LLorens
   Florida Bar No. 53790


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following, who was also provided with a copy by U.S. Mail:

Mark S. Guralnick, Esq.
Tampa Bay Parks
Lake Point II, Suite 100
3111 West Drive Martin Luther King Jr. Blvd.
Tampa, FL 33607
Tel:   (813) 872-9000
Fax:   1-800-613-2585
E-Mail: msglegal@comcast.net


   */s/ Rene J. Gonzalez-LLorens*
   OF COUNSEL

MIADOCS 2101971 1

- 7 -