# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MADDA DOUBERLEY,
      Plaintiff,

vs.                               CASE NO.  8:06-CV-1844-T-17EAJ

BURGER KING CORPORATION,
      Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Burger King Corporation's ("BKC"), Second Motion to Dismiss Complaint for Want of Prosecution, filed on August 29, 2007 (Docket No. 31) and the Court's Order to Show Cause entered on September 27, 2007 (Docket No. 33).

For the reasons outlined below, this Court finds that Defendant's Motion to Dismiss should be **GRANTED**.

## BACKGROUND

Four (4) Orders to Show Cause have been entered against Plaintiff in this case which involves sexual harassment.  The Court's most recent Order to Show Cause arose after BKC, for a second time, moved to dismiss for want of prosecution because Plaintiff had ignored the Court's Orders, failed to comply with the Federal Rules of Civil Procedure and this Court's Local Rules, and refused to allow discovery.

## FACTS

1.      BKC employed Plaintiff Madda Douberley ("Plaintiff") for approximately two months.  In her complaint, Plaintiff alleges that, during that period, Jermaine Smith, a co-worker, sexually harassed her at the restaurant where they worked.

2.      Plaintiff originally filed  a Seven-ount Complaint against BKC, Jermaine Smith, and eight other fictitious entities.

3.      On December 5, 2006, BKC filed its Motion to Dismiss the Complaint.

4.      Plaintiff failed to respond to BKC's Motion to Dismiss.

5.      On January 16, 2007, Plaintiff asked the Court to allow her to file a response outside of the required time period.

6.      The Court granted the extension and permitted Plaintiff until January 26, 2007, to submit her Response.

7.      However, Plaintiff ignored the Court's Order and did not submit a Response by January 26, as required.

8.      On January 30, 2007, the Court entered an Order to Show Cause why this lawsuit should not be dismissed for Plaintiff's failure to prosecute.

9.      On February 5, 2007, Plaintiff filed a Response to the January 30th Order to Show Cause wherein she conceded that her Complaint should be amended, and also moved the Court to allow her to file a proposed Amended Complaint.

10.     On April 20, 2007, the Court entered an Order granting Plaintiff's Motion for Leave to file an Amended Complaint, and Plaintiff amended her Complaint.

11.     On May 2, 2007, BKC served its Request for Production and First Set of Interrogatories to Plaintiff via electronic mail and regular mail.  However, Plaintiff ignored the discovery and failed to timely provide any response.

12.     On May 7, 2007, BKC filed a Motion to Dismiss Count V of Plaintiff's Complaint.

13.     Again, Plaintiff failed to respond to BKC's Motion to Dismiss Count V.

14.     On June 1, 2007, the Court entered another Order to Show Cause why the pending motion to dismiss should not be granted due to Plaintiff's failure to respond.

15.     Plaintiff ignored the Court's June 1st Order to Show Cause, failed to provide any explanation as required, and did not submit a Response.

16.     On June 12, 2007, BKC's counsel wrote (via electronic mail and regular mail) to Plaintiff's counsel as to the status of the overdue discovery.

17.     However, Plaintiff ignored the June 12th letter, did not respond, and did not provide any discovery responses.

18.     On June 14, 2007, BKC's counsel again wrote (via electronic mail and regular mail) to Plaintiff's counsel requesting a convenient deposition date in July when Plaintiff and her counsel were available for Plaintiff's deposition.

19.     In a similar fashion, Plaintiff ignored the June 14th letter, did not respond, and did not provide any dates when Plaintiff could be deposed.

20.     On June 15, 2007, the Court granted BKC's Motion to Dismiss Count V after Plaintiff failed to respond to the June 1st Order to Show Cause.

21.     On July 5, 2007, BKC filed its Motion to Dismiss for Lack of Prosecution.

22.     On July 10, 2007, the Court entered an Order to Show Cause.

23.     On July 11, 2007, Plaintiff's counsel responded to the Motion to Dismiss by apologizing to the Court, stating that his office could not locate the discovery and that BKC's counsel's letters had not been brought to his attention, and stating that he had cured the failure to respond to discovery.

24.     On July 31, 2007, Magistrate Jenkins entered a Report and Recommendation which concluded that, Plaintiff had not diligently prosecuted this case but dismissal was a harsh remedy.  However, Magistrate Jenkins stated that, "The Court cautions Plaintiff, however, that sanctions may be appropriate should she fail to diligently prosecute this case going forward." Magistrate Jenkins also ordered the parties to confer and file an amended case management report within twenty (20) days.

25.     On August 14, 2007, Plaintiff appeared for her deposition, but, over an hour later, stated that she was unable to continue her deposition, and the deposition was postponed. During her deposition, Plaintiff only testified as to her background, convictions, and employment history.  Specifically, Plaintiff admitted that she had been convicted of prostitution 5 years ago; admitted to a shoplifting conviction, but claimed it occurred 14 years ago (although it appears to have been in 1997); admitted to another shoplifting conviction 16 years ago, which she claims

had been sealed; and admitted that, three (3) weeks before she commenced working at BKC, she had been terminated from McDonald's for theft – Plaintiff admits that she stole several hundred dollars from the cash register.  Pl. Dep. at 13-15, 36-37.

26.     Since August 14th, BKC's counsel has attempted on three different occasions (August 17, 21, and 27, 2007) to obtain convenient dates to (I) depose Plaintiff and (ii) discuss the required case management report, as ordered by Magistrate Jenkins.

27.     However, Plaintiff's counsel has not responded to any of the above letters, has not provided dates for Plaintiff's deposition, and has not contacted BKC's counsel to prepare an amended case management report as mandated by the Court.

28.     On August 29, 2007, BKC filed its Second Motion to Dismiss for Want of Prosecution.

29.     On September 5, 2007, the Court entered an Order adopting the Magistrate's Report and Recommendation.

30.     The Court's September 5th Order directed the parties to confer and also to file an amended Case Management Report within twenty (20) days of this order.

31.     Plaintiff did not respond to BKC's motion to dismiss.

32.     An Amended Case Management Report has not been filed, as ordered by the Court.

33.     On September 27, 2007, the Court entered an Order to Show Cause why BKC's Motion to Dismiss should not be granted. The Court provided Plaintiff with additional time, up to and including October 12, 2007, in which to show cause why the pending motion should not be granted.

34.     The Court's September 27th Order to Show Cause stated:

This cause is before the Court on its own motion. The defendant filed a second motion to dismiss for want of prosecution (Docket No. 31). The plaintiff had up to and including September 17, 2007, to respond to the motion. To date no response has been filed. The Court notes that this is a continuing issue with the plaintiff in this case. Accordingly, it is

> **ORDERED** that the plaintiff has up to and including October 12, 2007, in which to **show cause** why the pending motion should not be granted. ***The Court warns the plaintiff it will not continue to overlook or excuse the plaintiff's not prosecute this case in a timely manner.***

September 27th Order to Show Cause (emphasis added).

    35.    Plaintiff has not responded to the Court's Order to Show Cause.


## DISCUSSION

Pursuant to Rule 41(b), the Court may dismiss a complaint for failure to prosecute or failure to comply with a Court order or the Federal Rules.  Fed. R. Civ. P. 41(b); Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999).  The Court also has broad authority under Rule 37 to control discovery, including dismissal. Fed. R. Civ. P. 37.  Further, it is within the Court's inherent authority to involuntarily dismiss a claim for want of prosecution. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Local Rule 3.10 also states that the Court may dismiss a complaint for want of prosecution. See M.D. Fla. R. 3.10.

In the instant case, Plaintiff has repeatedly ignored the Court's Orders, failed to participate in a case management conference, and failed to assist in discovery, including her own deposition. Plaintiff has evidenced a complete lack of interest in participating in the prosecution of her claim. Even when ordered by the Court to comply with the response to the Motion to Dismiss, and even though the Court provided additional and ample time to do so, Plaintiff has chosen to ignore the Order.  A defendant cannot litigate against a plaintiff's deliberate refusal to cooperate with discovery or to comply with the Court's Orders.  Plaintiff has been sanctioned and warned by the Court for this conduct, including that any continuing behavior will not be excused or overlooked.

At no point in the litigation has Plaintiff made no showing of good cause to justify her failure to prosecute her claim. Further, the Court can have no confidence that another Order of the Court directing the Plaintiff's participation will necessarily result in the advancement of this cause. Thus, Plaintiff's case is one of the rare cases calling for the ultimate sanction of dismissal for failure to prosecute. To conclude otherwise would unnecessarily extend the financial burden on the Defendant and inappropriately approve of Plaintiff's conduct.  Accordingly, it is

**ORDERED** that the defendant's motion to dismiss complaint for want of prosecution (Docket No. 31) be **GRANTED** and the case dismissed for failure to prosecute.   The Clerk of Court shall close this case and terminate any pending motions.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 17th day of October, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record